## Farris Milling Co. v. Caldwell.

(Decided May 21, 1913.)

### Appeal from Barren Circuit Court.

1. Mechanics' Liens—Notice—Section 2463 Ky. Stats.—Amendment of 1910—Forfeiture of Right to Perfect Lien—Plea of Estoppel.—In an action to enforce a mechanic's lien, where notice was not given as required by the statute, and the evidence shows that between December 12, 1911, the day the last item was furnished, and the 28th or 29th of December, there was no negotiation whatever between the parties as to the account, even if it should be conceded that on and after the latter date the purchaser of the material was guilty of such conduct as would estop him from denying that notice had been given, it could not have prejudiced

the seller for the reason that it had forfeited its right to perfect the lien in failing to give the required notice, and the amended petition setting up the plea of estoppel was properly refused to be filed.

2. Mechanics' Liens—Forfeiture of Right to Perfect Lien—Estoppel.—Appellant having forfeited its right to perfect its lien before the 28th of December, any conduct or representation of appellee subsequent to that time could not operate as an estoppel so as to revive that right.

3. Words and Phrases—"Immediately"—Definition of.—For the efinition of the word "immediately," as used in the amendment of 1910, see Wolfin-Luhring Lumber Co v. Mosley, 152 Ky., 701.

SMITH & WHITE for appellant.

BAIRD & RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

In June, 1911, appellee contracted with A. S. Davis to erect for him a brick store house in Cave City, Kentucky.

Appellant furnished some considerable portion of the material which went into the construction of the house, the last item thereof being furnished on the 12th day of December, 1911. After the last item had been furnished there remained a balance of $85.38 unpaid, for which amount it is sought in this action to enforce a mechanics' lien against the property.

At the time of the transaction involved, Section 2463 of the Kentucky Statutes as amended by the Act of March 22, 1910, was in force. That act among other things provides:

"That no person shall acquire a lien under this section unless he shall notify in writing, the owner of the property to be held liable or his authorized agent, immediately after the last item of said material or labor is furnished, of his intention to hold the said property liable, and the amount for which he will claim a lien."

It is not pretended by appellants that they gave any written notice whatever to appellee as required by that section; but after the evidence was all taken, they tendered and offered to file an amended petition to conform to the proof wherein they allege that appellee practiced a fraud on them and misled them, and induced them to sleep on their rights by his statements, acts and conduct, which led them to believe that he intended to pay them this balance, and thereby induced them not to take

the necessary steps to perfect their statutory lien, and by reason of these things they pray that he be estopped to deny that they had not given the written notice as required by the statute.

But the uncontradicted evidence shows that between the 12th day of December, 1911, the day the last item of material was furnished, and the 28th or 29th day of December there was no negotiation or talk whatever between the parties about this balance of the account. Even if it should be conceded that on or after the latter date appellee was guilty of such conduct as would estop him from denying that the notice had been given, it could not have prejudiced appellants, for the reason that they had then long since forfeited their right to perfect their statutory lien by reason of their failure to give the written notice "immediately after the last item of said material or labor is furnished." Clearly if they had forfeited their right to perfect this lien before the 28th day of December, any conduct or representation of appellee subsequent to that time could not operate as an estoppel so as to revive that right.

In a very recent case (Wolflin-Luhring Lumber Co. v. Mosely, 152 Ky., 701) in defining what the word 'immediately" in the amendment of 1910 means, it was held that a failure to give the required written notice for eight days after the last item of material was furnished was insufficient, and not to be deemed a compliance with the statute. In that case the court said:

"While it is true that the word 'immediately' as used in the statute in question is not used in the narrow sense of 'instantaneously' it is evident that it is not used in the enlarged sense of "within a reasonable time." Our conclusion is that it was used in the sense of 'promptly,' and without attempting to fix a precise time within which the notice should have been given, it is sufficient to say that the notice of December 21st, which was given eight days after the last item of the material was furnished, was not given 'immediately' within the meaning of the statute."

It follows that the court properly refused to permit the amended petition to be filed.

We do not, however, mean to say that in a proper case the owner of property might not be guilty of such conduct as would operate as a waiver of his right to the notice required by the statute, or as would estop him to deny that such notice had been given; but in this case to

hold appellee estopped by his conduct subsequent to the 28th of December, would be to say that he could by such conduct revive a right which appellants had lost prior to that date.

The lower court properly dismissed appellant's petition, and the judgment is affirmed.